**In the Matter of James R. KILBURN.**

No. 72S00–0309–DI–416.

Supreme Court of Indiana.

June 3, 2004.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The respondent filed 22 estate matters in the Scott Circuit Court on behalf of clients between 1988 and 1996. As of March 2002, those estates had not been closed, prompting the trial court judge to order the respondent to close the estates or to explain why they could not be closed. The respondent failed to do either.

The parties agree that the respondent has now advised the Disciplinary Commission that the estates have been fully administered, their assets distributed, and that nothing remains to be done except for filing the closing reports. The parties also agree that no personal representative or beneficiary ever complained about the respondent's handling of the estates.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.3, which requires lawyers, while representing clients, to act with reasonable diligence and promptness; Prof.Cond.R. 3.2, which requires lawyers to make reasonable efforts to expedite litigation consistent with the interests of their clients; and Prof. Cond.R. 8.4(d), which prohibits lawyers from engaging in conduct which is prejudicial to the administration of justice.

**Discipline:** Thirty (30) day suspension from the practice of law, with the period of suspension stayed to a two (2) year period of probation, effective immediately. The terms of the probation are that (1) within sixty (60) days of the beginning of the term of probation, the respondent shall submit evidence to the Disciplinary Commission that all 22 estates referred to in this order have been closed on the records of the Scott Circuit Court; (2) during the term of the probation, the respondent shall not commence serving as either attorney

or personal representative for any estates; and (3) the respondent shall immediately report, in writing, to the Disciplinary Commission any failure by him to comply with the terms of his probation. In the event it is established pursuant to Admis.Disc.R. 23(17.2) that the respondent has violated the terms of his probation, then the stay of his 30 day suspension will be vacated and the respondent shall be suspended from the practice of law in Indiana for 30 days, with automatic reinstatement to the practice of law thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer in this matter, the Hon. Phyllis Kenworthy, and to all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.